UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
JUN 2 6 2013
[signature]
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| THOMAS R. KELLEY, | * | CIV. 13-4064 |
| Movant, | * | |
| | * | ORDER |
| -vs- | * | |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner, Thomas R. Kelley, ("Kelley") filed a *pro se* Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Kelley is incarcerated at the Federal Correctional Institution in Sandstone, Minnesota.

## BACKGROUND

Thomas Kelley is well known to this Court. He was indicted in 2008 on criminal charges relating to his failure to comply with the tax code. *See United States v. Kelley*, CR 08-40173. On October 6, 2009, Kelley was charged in twenty-three count Second Superseding Indictment with various criminal charges including filing a false tax refund, impeding the IRS, tax evasion, willful failure to file a tax return, and issuing fictitious obligations. On May 16, 2010, a jury convicted Kelley on twenty-two out of the twenty-three counts. (One of the counts was dismissed by the government).

Kelley was ordered to appear on August 2, 2010 for sentencing. Kelley did not appear, and a warrant was issued for his arrest. On September 8, 2010, Kelley was indicted and charged with failure to appear. *See United States v. Kelley*, CR 10-40100. Kelley was on the lam for four months. Kelly was found and arrested in Minnesota and subsequently returned to South Dakota. On April 6, 2011, Kelley was tried and convicted by a jury on the failure to appear charge.

On July 29, 2011, Kelley was sentenced on both the tax evasion and the failure to appear charges. Judgment was entered in both cases on August 1, 2011. For the tax evasion charges, Kelley was sentenced to 46 months imprisonment (total)[1], restitution in the amount of $96,710.00, a special assessment, costs of $49,749, and five years of supervised release. For the failure to appear charges Kelley was sentenced to 24 months imprisonment (to be served consecutively to the tax evasion sentence), a special assessment and 2 years of supervised release (to be served concurrently with the term of supervised release for the tax evasion charges). Kelley's direct appeal to the Eighth Circuit Court of Appeals was unsuccessful. *See United States v. Kelley*, Nos. 11-2660, 11-2662, United States Court of Appeals for the Eighth Circuit. On August 16, 2012, Kelley filed a lawsuit which was, at his insistence, ultimately construed as a civil rights lawsuit pursuant to 42 U.S.C. § 1983. *See Kelley v. U.S. Attorney's Office, et. al.* Civ. No. 12-4150, United States District Court, District of South Dakota. That lawsuit was dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and 1915A(b)(1). *See* Doc. 5 and Doc. 10 in that case. Kelley has now filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

A Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 allows a federal prisoner to attack his sentence collaterally on constitutional grounds, because it is otherwise illegal, or because the court that imposed it was without jurisdiction. The Rules Governing § 2255 Motions impose certain requirements upon both the Movant and the Court.

**Rule 2. The Motion.**
(a) **Applying for Relief.** The application must be in the form of a motion to vacate, set aside, or correct the sentence.
(b) **Form.** The motion must:
    (1) specify all the grounds for relief available to the moving party;
    (2) state the facts supporting each ground;
    (3) state the relief requested;
    (4) be printed, typewritten, or legibly handwritten; and
    (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.

---

[1] Kelley was sentenced to various terms of imprisonment for each of the 22 counts for which he was convicted, to be served concurrently. The total term of imprisonment equals 46 months.

(c) **Standard Form.** The motion must substantially follow either the form appended to these rules or a form prescribed by local district court rule. The clerk must make forms available to moving parties without charge.

(d) **Separate Motions for Separate Judgments.** A moving party who seeks relief from more than one judgment must file a separate motion covering each judgment.

**Rule 4. Preliminary Review.**
(a). **Referral to a Judge.** The clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence or, if the judge who imposed sentence was not the trial judge, to the judge who conducted the proceedings being challenged. If the appropriate judge is not available, the clerk must forward the motion to a judge under the court's assignment procedure.

(b). **Initial Consideration by the Judge.** The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A dismissal of the § 2255 Petition is appropriate upon a Rule 4 Preliminary Review if the allegations in the Petition are "incomprehensible," or are "unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court." *Quintero-Hernandez v. United States*, 2011 WL 2447451 (W.D.N.C.) at *2; *United States v. Hull*, 2006 WL 752481 (N.D. Ind.) at *3. *See also Ouwenga v. McKeague*, 2008 WL 3979003 (W.D. Mich.).

In his Petition, Kelley cites Two Grounds for Relief.[2] They are cited, verbatim, in their entirety below:

> **GROUND ONE:** Ineffectiveness of trial and appeal counsel for unprofessional conduct, unpreparedness, and non-investigation.
> **(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):** Besides other elements to be shown in memorandum to follow the 8th Circuit is divided into several districts for judicial administration each having an administrative head one of whom is the 8th Circuit district court of the

---

[2]In the space for the Third Ground for Relief, Kelley wrote "see memorandum to be submitted for all other grounds and disclosures: <u>unreasonableness.</u>" In the space provided to elaborate with supporting facts, he wrote "see memorandum and affidavits." He did not submit a memorandum or any affidavits. In the space provided for the Fourth Ground for Relief, Kelley wrote "see ground three (3)."

United States and the authority for whom the 5 U.S.C. 302 delegation of authority U.S. district court proceeded under policy and not law of the land causing circumvention of the law of the land and bill of rights without violating the wording by and through the use of procedure and procedural policy and statute and rules to alter rules of decision on substantive rights.

**GROUND TWO:** Violation of due process of law and equal protection by routine concealment and refusals to rebut affidavits.
**(a). Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):** Several affidavits were presented, but remain unaddressed such that in proceeding by the judges (appeal & U.S.D.C.) denials were impairing and effecting interstate commerce such that by law they ceased to act as a judge at all. Jurisdictional challenges stand un-met and instrument originals and initiator of liability remains undisclosed in violation of the rights of Kelley.

The grounds for relief articulated by Kelley are incomprehensible and unreasonably vague, conclusory, or incredible. As such, the Petition will be dismissed upon preliminary review pursuant to Rule 4(b).

### EVIDENTIARY HEARING AND CERTIFICATE OF APPEALABILITY

If the motion, files and records of the case conclusively establish that the Petitioner is not entitled to relief, the Court is not required to conduct an evidentiary hearing. *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012). There is no need for an evidentiary hearing in this case because it is clear from the record that the motion that Kelley has not raised a claim cognizable under 28 U.S.C. § 2255.

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if a "court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir.

1997). Kelley has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability is denied.

Dated this 26th day of June, 2013.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge