UNITED STATES DISTRICT COURT

**FILED**

DISTRICT OF SOUTH DAKOTA

NOV 1 2 2013

SOUTHERN DIVISION

CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| THOMAS R. KELLEY, | * | CIV. 13-4064 |
| | * | |
| Movant, | * | |
| | * | ORDER |
| -vs- | * | |
| | * | (Judicial Notice and |
| UNITED STATES OF AMERICA, | * | Motion for Reconsideration, Doc. 7) |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Petitioner, Thomas R. Kelley, ("Kelley") filed a *pro se* Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Kelley is incarcerated at the Federal Correctional Institution in Sandstone, Minnesota.

## BACKGROUND

Kelley was indicted in 2008 on criminal charges relating to his failure to comply with the tax code. *See United States v. Kelley*, CR 08-40173. On October 6, 2009, Kelley was charged in twenty-three count Second Superseding Indictment with various criminal charges including filing a false tax refund, impeding the IRS, tax evasion, willful failure to file a tax return, and issuing fictitious obligations. On May 16, 2010, a jury convicted Kelley on twenty-two out of the twenty-three counts. (One of the counts was dismissed by the government ).

Kelley was ordered to appear on August 2, 2010 for sentencing. Kelley did not appear, and a warrant was issued for his arrest. On September 8, 2010, Kelley was indicted and charged with failure to appear. *See United States v. Kelley*, CR 10-40100. On April 6, 2011, Kelley was tried and convicted by a jury on the failure to appear charge.

On July 29, 2011, Kelley was sentenced on both the tax evasion and the failure to appear charges. Judgment was entered in both cases on August 1, 2011. For the tax evasion charges, Kelley

was sentenced to 46 months imprisonment (total)[1], restitution in the amount of $96,710.00, a special assessment, costs of $49,749, and five years of supervised release. For the failure to appear charges Kelley was sentenced to 24 months imprisonment (to be served consecutively to the tax evasion sentence), a special assessment and 2 years of supervised release (to be served concurrently with the term of supervised release for the tax evasion charges). Kelley's direct appeal to the Eighth Circuit Court of Appeals was unsuccessful. *See United States v. Kelley*, Nos. 11-2660, 11-2662, United States Court of Appeals for the Eighth Circuit. On August 16, 2012, Kelley filed a lawsuit which was, at his insistence, ultimately construed as a civil rights lawsuit pursuant to 42 U.S.C. § 1983. *See Kelley v. U.S. Attorney's Office, et. al.* Civ. No. 12-4150, United States District Court, District of South Dakota. That lawsuit was dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and 1915A(b)(1). *See* Doc. 5 and Doc. 10 in that case.

On June 10, 2013, Kelley filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. On June 26, 2013, this Court dismissed the Motion on preliminary review pursuant to Rule 4 of the Rules Governing § 2255 Motions. That rule allows the judge who conducted the challenged the proceedings to conduct a preliminary review. If it plainly appears the moving party is not entitled to relief, the judge must dismiss the motion. That is what occurred in this case. The Order of dismissal clearly explained that no certificate of appealability should issue. Contrary to Mr. Kelley's assertion, therefore, the June 26, 2013 dismissal was on the merits, with prejudice.

Kelley now requests the Court to take judicial notice and reconsideration of both the original Order of dismissal and of its Order dated October 19th (sic) 2013.[2] Kelley requests the Court to consider the Memorandum and accompanying documentation he filed on September 10, 2013 "rebutting all presumptions advanced by the District Court" in its original Order dismissing his Motion to Vacate. Kelley asserts the dismissal was premature because his original Motion put the

---

[1]Kelley was sentenced to various terms of imprisonment for each of the 22 counts for which he was convicted, to be served concurrently. The total term of imprisonment equals 46 months.

[2]The Court did not enter an Order dated October 19th but it did enter an Order dated October 9 denying Kelley's Judicial Notice and Offer of Proof as Moot. *See* Doc. 6.

Court on notice that further, more substantive documentation of his claim would be forthcoming.

As already explained in the Court's June 26 Order, the allegations in Kelley's original Motion were incomprehensible, vague, conclusory or incredible. Even if Kelley's untimely September 11, 2013 submissions are considered, the result is the same. They consist of variations on the same theme: that his prosecution was unlawful because the United States Government did not have jurisdiction or authority to impose taxes. Kelley's assertion that the federal courts did not have authority or jurisdiction to hear the criminal charges against him is clearly frivolous. "Defendant['s] assertion that this court lacks jurisdiction over this criminal trial is also frivolous. Federal District Courts have exclusive, original jurisdiction over 'all offenses against the laws of the United States.' 18 U.S.C. § 3231. These offenses include crimes defined in the Internal Revenue Code." *United States v. Saladino*, 2010 WL 2696708 (D. Or.) at *2 *quoting United States v. Przbyla*, 737 F.2d 828, 829 (9th Cir. 1984).

In *Cheek v. United States*, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 616, the United States Supreme Court referred to the assertion that the federal tax system is unconstitutional as "frivolous." *Id.*, 498 U.S. at 205, 111 S.Ct. at 612. The Eighth Circuit, along all other Courts of Appeal, have likewise deemed the "well-worn" challenges to the federal tax code and to the federal government's ability to enforce it as "frivolous." *May v. Commissioner of Internal Revenue*, 752 F.2d 1301, 1304 (8th Cir. 1985). *See also Russell v. United States,* 339 Fed. Appx. 637 (7th Cir. 2009 ) (gathering cases from each Circuit).

THEREFORE, it is ORDERED:

Kelley's "Judicial Notice and Motion for Reconsideration" (Doc. 7) is DENIED.

Dated this ⬜ day of November, 2013.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk

By _____
Deputy