UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
MAY 28 2014
CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| THOMAS R. KELLEY, | * | CIV 13-4064 |
| Movant, | * | |
| vs. | * | ORDER |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending before the Court is Movant Thomas R. Kelley's Motion to Grant Relief From the Judgement (sic), Doc. 9, filed April 24, 2014. In his Motion, the Movant requests the Court to consider his previously filed memorandum reply brief and other substantive documents which he states were barred from the § 2255 habeas corpus filing.

Movant filed his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 USCA § 2255 on June 10, 2013. In its Order of June 26, 2013, the Court stated "The Rules Governing § 2255 Motions impose certain requirements upon both the Movant and the Court." The Court's Order further stated:

> A dismissal of the § 2255 Petition is appropriate upon a Rule 4 Preliminary Review if the allegations in the Petition are incomprehensible, or are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court." *Quintero-Hernandez v. United States*, 2011 WL 2447451 (W.D.N.C.) at *2; *United States v. Hull*, 2006 WL 752481 (N.D. Ind.) at *3. *See also Ouwenga v. McKeague*, 2008 WL 3979003 (W.D. Mich.).

The Court found the grounds Movant stated in his Motion were incomprehensible and unreasonably vague, conclusory, or incredible, and the Petition was dismissed upon preliminary review pursuant to Rule 4(b).

Nearly three months later, on September 11, 2013, Movant filed a Memorandum/Brief (Doc. 4), and his 1st Mandatory Judicial Notice and Offer of Proof (Doc. 5). The Court entered its Order on October 9, 2013 (Doc. 6) denying the Judicial Notice as moot.

Movant then filed a Judicial Notice and Motion for Reconsideration on October 23, 2013, (Doc. 7) in which he asserted the June 26, 2013, dismissal of the Habeas Motion was premature because that original Motion had notified the Court that further, more substantive documentation of his claim would be forthcoming. In the Court's November 8, 2013, Order denying Movant's Judicial Notice and Motion for Reconsideration, the Court stated "Even if Kelley's untimely September 11, 2013 submissions are considered, the result is the same."

However, after receiving the Motion to Grant Relief from the Judgement (sic), the Court reviewed all of Thomas Kelley's lawsuits and their dispositions, and the September 11, 2013 submissions, and after that re-review the Court will not reopen this habeas corpus lawsuit under § 2255 as this lawsuit is without merit. In addition, the claims Thomas Kelley now makes have either been previously denied or are now precluded as they had to be previously raised in this or in Thomas Kelley's previous cases. Accordingly,

IT IS ORDERED That Movant Thomas R. Kelley's Motion to Grant Relief From the Judgement (sic), (Doc. 9) is denied with prejudice.

Dated this 28th day of May, 2014.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Jennifer Stevens
DEPUTY